UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND
TRUST COMPANY, a North Carolina
banking corporation, as successor-in-
interest to Colonial Bank by asset
acquisition from the FDIC as Receiver
for Colonial Bank,

       Plaintiff,

v.                                                   Case No. 8:10-cv-1424-T-24-TBM

GLENN H. BOONE,
ROBERT J. BOONE, and
ROBERT F. BOONE.,

       Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff Branch Banking and Trust Company's Reply to and Amended Motion to Strike Affirmative Defenses. (Doc. No. 13.) Defendants Glenn H. Boone, Robert J. Boone, and Robert F. Boone filed a response in opposition to the motion. (Doc. No. 20.)

**I.    Background**

Plaintiff Branch Banking and Trust Company ("BB&T") brought this suit to recover monies owed under three absolute and unconditional guarantees executed by the defendants in connection with a commercial loan made by BB&T's predecessor-in-interest, Colonial Bank, to the borrower. The defendants filed an Answer to BB&T's Compliant in which they assert seventeen affirmative defenses.

BB&T then filed the instant motion to strike all but the first, second, and thirteenth

affirmative defenses. In their response to the motion, the defendants notified the Court that the parties have stipulated that the eleventh, twelfth, fourteenth, fifteenth, sixteenth, and seventeenth affirmative defenses may be stricken from the defendants' Answer. Accordingly, the remaining affirmative defenses to be considered by the Court are the third through the tenth affirmative defenses.

## II. Standard of Review

Rule 12(f) permits the Court to order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347(M.D. Fla. 1999). Indeed, affirmative defenses are stricken only when they are insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Id.* Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement" of the defense. *Id.*

## III. Discussion

### A. Set-Off Affirmative Defenses

In their third, fourth, fifth, and sixth affirmative defenses, the defendants contend that BB&T's claims should be set off, or reduced, by the amount of the payments that BB&T

received from the borrower, or by the value of BB&T's security interest in the collateral that secures the loan at issue in this case. BB&T contends that these set-off affirmative defenses should be stricken because they fail to give BB&T sufficient notice of the grounds upon which they are based, even under the liberal pleading standard that applies to affirmative defenses.

For example, in the third affirmative defense, the defendants contend that their liability should be reduced by any payments made to BB&T by or on behalf of the borrower. BB&T argues that this affirmative defense should be stricken because the defendants did not state what payments they are referring to, when the payments were made, or in what amounts. BB&T then proceeds to cite to the Court caselaw that it contends supports its position that its recovery should not be reduced by the value of payments received or collateral retained.

At this stage of the litigation, the Court declines to rule whether BB&T's recovery–if any–should be set-off by any payments or collateral it received. This issue is more appropriately addressed at the time of judgment. As pled, these affirmative defenses provide BB&T sufficient notice of the defendants' intention to seek a set-off, and the defendants need not allege, for example, on what specific dates payments were made to BB&T. These affirmative defenses, although they are somewhat repetitive, are not "patently frivolous" or "clearly invalid as a matter of law," such that they must be stricken as unavailable defenses.

### B.    Affirmative Defenses Regarding the Filing of the Promissory Note

In their seventh and eighth affirmative defenses, the defendants contend that BB&T's claims are barred because it has not filed the original promissory note or guaranties on which this action is based, and that the promissory note is held by a third party. BB&T argues that these affirmative defenses should be stricken because it is not suing on the note, nor is it seeking to

foreclose its mortgage. Rather, BB&T is seeking to enforce the defendants' guaranties, and BB&T has attached those guaranties to the complaint.

The Court declines to strike these affirmative defenses at this time. The defendants argue that they must assert these affirmative defenses because they intend to prove that a third party–not BB&T–has possession of the note and guaranties in this matter, and therefore BB&T does not have the right to enforce them. BB&T's failure to file the promissory note ultimately may be immaterial to this suit. However, this is a factual issue that is more appropriately developed during discovery and resolved via dispositive summary judgment motions. Accordingly, the Court cannot state that these affirmative defenses are not "patently frivolous" or "clearly invalid as a matter of law," such that they must be stricken as unavailable defenses.

### C. Estoppel and Avoidable Consequences Affirmative Defenses

The defendants' ninth and tenth affirmative defenses contain defenses under theories of estoppel and avoidable consequences. Essentially, the defendants argue that BB&T's recovery is barred because it failed to appraise adequately the value of the property at issue, or anticipate the downturn in the economy. BB&T contends that these affirmative defenses are patently frivolous because the law does not excuse a party from its contract obligations due to personal difficulties or an economic recession.

Again, it would be premature to strike these affirmative defenses. These two defenses are based on recognized legal theories–estoppel and avoidable consequences–that may or may not affect BB&T's ability to recover in this case. The defendants have put BB&T on notice that these theories will be explored during discovery and argued at trial. Accordingly, the Court cannot state that these affirmative defenses are not "patently frivolous" or "clearly invalid as a

matter of law," such that they must be stricken as unavailable defenses.

The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.

### IV. Conclusion

It is premature at this stage of the litigation to find that the defendants' affirmative defenses are unavailable as a matter of law. Accordingly, Plaintiff BB&T's Motion to Strike (Doc. No. 13) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the limited extent that, by stipulation of the parties, the eleventh, twelfth, fourteenth, fifteenth, sixteenth, and seventeenth affirmative defenses (paragraphs 43, 44, 46, 47, 48, and 49 of the Answer) are hereby **STRICKEN** from the defendants' Answer. Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of September, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge